

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 1 2 2012

CLERK, U.S. DISTRICT COURT
By_____
Deputy

PHILIP FRANKLIN YOUNG III,          §
                                    §
            Petitioner,             §
                                    §
v.                                  §
                                    §    No. 4:12-CV-379-A
THE STATE OF TEXAS AND              §
BRAD LIVINGSTON, EXECUTIVE          §
DIRECTOR, TDCJ ID,                  §
                                    §
            Respondent.             §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Philip Franklin Young III, a state prisoner currently incarcerated in Amarillo, Texas, against the State of Texas and Brad Livingston, Executive Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-ID),[1] respondents. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as successive. No service has issued upon respondents.

---

[1] Rick Thaler is the Director of TDCJ-ID and the proper respondent, however because no service is necessary, Thaler is not substituted for the respondents named by petitioner.

I. FACTUAL AND PROCEDURAL HISTORY

Petitioner is serving four concurrent 45-year sentences on his 2001 convictions for sexual assault of a child in the 29th Judicial District Court of Palo Pinto County, Texas. (Pet. at 2) This is petitioner's second federal petition challenging the same convictions. *See Young v. Quarterman*, No. 4:05-CV-816-Y (denied on the merits).

II. SUCCESSIVE PETITION

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

In the instant petition, petitioner raises four grounds, which were or could have been raised in his prior petition. (Pet. at 7-8) Because petitioner did or could have raised the claims in his prior federal petition, this petition is successive.

Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals.

2

28 U.S.C. § 2244(b)(3)(A). Petitioner has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition.[2] *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed for lack of jurisdiction.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied; the denial shall refer only to the present case and shall have no effect upon the petitioner's right to seek permission from the Fifth Circuit to

---

[2]Because the Court lacks jurisdiction to consider the petition, the Court makes no ruling on petitioner's application to proceed in forma pauperis and "Motion to Make File Exhibits/Attachments/Motion and Responses a Part of Permanent 11.07/2254 Record and Files." (docket entry nos. 2 & 3)

file a successive petition.

SIGNED June _____ 1 2 _____, 2012.


JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE